FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 16 2025
KHS

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**MARK A. LONG, a.k.a. Marc Long**,<br><br>Defendant. | Cr. No. 25-3855 KWR |

# PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, **MARK A. LONG, a.k.a. Marc Long**, with the advice and counsel of his attorney, Guy L. Womack. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

1.  The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.  The Defendant further understands the Defendant's rights:

    a.  to plead not guilty, or having already so pleaded, to persist in that plea;

    b.  to have a trial by jury; and

1

  c.  at a trial:

    i.  to confront and cross-examine adverse witnesses,

    ii.  to be protected from compelled self-incrimination,

    iii.  to testify and present evidence on the Defendant's own behalf, and

    iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 3, 9, 14, 17, 21, and 23 of the indictment, charging a violations of:

  a. Counts 3 and 9: 18 U.S.C. §§ 1343 and 2, Wire Fraud;

  b. Counts 14 and 17: 18 U.S.C. §§ 1341 and 2, Mail Fraud;

  c. Counts 21 and 23: 18 U.S.C. §§ 641 and 2, Theft of Government Property.

## SENTENCING

4. The Defendant understands that the maximum penalty provided by law for these offenses is: offense is:

Counts 3, 9, 14, and 17: Wire Fraud and Mail Fraud

  a. imprisonment for a period of not more than 30 years;

  b. a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c. a term of supervised release of not more than 5 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the

last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d.  a mandatory special penalty assessment of $100.00; and

  e.  restitution as may be ordered by the Court.

Counts 21 and 23: Theft of Government Property

  a.  imprisonment for a period of not more than 10 years;

  b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c.  a term of supervised release of not more than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d.  a mandatory special penalty assessment of $100.00; and

  e.  restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

6. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Counts 3 and 9: 18 U.S.C. §§ 1343 and 2, that being Wire Fraud:

| | |
|---|---|
| *First*: | The defendant devised or intended to devise a scheme to defraud, including by a scheme to obtain money or property by means of false or fraudulent pretenses, representations or promises; |
| *Second*: | The defendant acted with specific intent to defraud; |
| *Third*: | The defendant used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wire; |
| *Fourth*: | The scheme employed false or fraudulent pretenses, representations, or promises that were material; |
| *Fifth*: | The scheme was related to a presidentially declared major disaster or emergency.<br>-or-<br>The scheme affected a financial institution. |

Counts 14 and 17: 18 U.S.C. §§ 1341 and 2, that being Mail Fraud:

| | |
|---|---|
| *First*: | The defendant devised or intended to devise a scheme to defraud, including by a scheme to obtain money or property by means of false or fraudulent pretenses, representations or promises; |
| *Second*: | The defendant acted with specific intent to defraud; |
| *Third*: | The defendant knowingly caused to be delivered by mail any matter or thing; |
| *Fourth*: | The scheme employed false or fraudulent pretenses, representations, or promises that were material; |
| *Fifth*: | The scheme was related to a presidentially declared major disaster or emergency. |

4

        -or-
The scheme affected a financial institution.

Counts 21 and 23: 18 U.S.C. §§ 641 and 2, that being Theft of Government Property:

*First*:    The property belonged to the United States government; it does not matter whether the defendant knew that the property belonged to the United States government, only that he knew it did not belong to him;

*Second*:    The defendant stole, embezzled, converted the property intending to put it to his own use or gain, or to the use or gain of another, or the defendant took the property knowing it was not his and intending to deprive the owner of the use or benefit of the property;

*Third*:    The defendant acted knowingly and willfully;

*Fourth*:    The value of the property was more than $1,000.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**From in or about July 2020 and continuing to in or about February 2021, in Bernalillo County, in the District of New Mexico, and elsewhere, I, Marc Long, knowingly and intentionally devised a scheme and artifice to defraud and to obtain money and property, and to attempt to defraud and to obtain money**

5

and property, by means of materially false and fraudulent pretenses, representations and promises. My scheme involved my stealing property belonging to the United States, namely federal funds that were issued in response to a presidentially declared major disaster or emergency (the COVID-19 pandemic), and affected financial institutions. I acted with a specific intent to defraud. Furthermore, in furtherance of my scheme, I used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wires, and I caused matter to be delivered by mail.

More specifically, during these dates, while I was residing in Texas, I submitted fraudulent unemployment insurance (UI) claim applications online (using mobile phone, broadband, and cable internet connections) through the New Mexico Department of Workforce Solutions (NMDWS), and thereafter I submitted weekly certifications for certain claims that were approved. I submitted the fraudulent UI claim applications and the certifications to receive UI benefits that were funded by the federal government. I made materially false and fraudulent representations in the UI applications by using the names and other personally identifiable information (PII) of other individuals. Neither I nor the other individuals whose names and PII I used in the UI claim applications were eligible to receive the federally-funded UI benefits from the NMDWS. My actions in filing the fraudulent UI claim applications and certifications, prompted the NMDWS to initiate interstate wire transfers between NMDWS, Conduent, Wells Fargo Bank, and the State Unemployment Trust Fund, and to initiate mailings through the United States Postal Service (USPS). For the approved claims, the NMDWS sent money in the

form debit cards through the USPS, and it also sent direct deposits into financial institutions whose accounts I could access.

As charged in Count 3, prior to October 6, 2020, I knowingly submitted a fraudulent application for UI benefits using the name and PII of D.C. My fraudulent application caused the NMDWS to initiate interstate wire transmissions on or about October 6, 2020, to deposit UI benefits into a JP Morgan Chase account that was accessible by me.

As charged in Count 9, on or about February 14, 2021, I knowingly used interstate wire transmissions to submit a fraudulent application for UI benefits using the name and PII of D.A.

As charged in Count 14, I knowingly submitted a fraudulent application for UI benefits using the name and PII of D.G. My fraudulent application caused the NMDWS, on November 21, 2020, to have a debit card, used for the distribution of UI benefits, mailed to an address in Texas that was accessible by me.

As charged in Count 17, I knowingly submitted a fraudulent application for UI benefits using the name and PII of C.M. My fraudulent application caused the NMDWS, on February 11, 2021, to have a debit card, used for the distribution of UI benefits, mailed to an address in Texas that was accessible by me.

As charged in Count 21, between September 27, 2020, and October 25, 2020, I knowingly and willfully stole and converted to my own use, or the use of another, federal COVID relief funds provided for unemployment benefits when I submitted a fraudulent application to the NMDWS using the name and PII of D.C. which caused

**the NMDWS to issue $2,121 in federally-funded benefits to which I had access but was not entitled.**

**As charged in Count 23, between September 27, 2020, and September 5, 2021, I knowingly and willfully stole and converted to my own use, or the use of another, federal COVID relief funds provided for unemployment benefits when I submitted a fraudulent application to the NMDWS using the name and PII of T.B. which caused the NMDWS to issue $20,450 in federally-funded benefits to which I had access but was not entitled.**

**I admit that my actions violated 18 U.S.C. §§ 1343, 1341, and 641.**

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

   a. The United States agrees to recommend a sentence at the low end of the guideline range as calculated by the Court. This recommendation does not extend to any sentence to be imposed upon revocation of probation or supervised release.

   b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the

        Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

c.     The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to

withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as

10

any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

17. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

18. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## RESTITUTION

19. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664. The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty, but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case.

20. No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, 201 Third Street NW, Suite 900, Albuquerque, New Mexico 87102, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## FORFEITURE

21. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

22. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in

which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

23. The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

24. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

25. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

26. The Defendant waives any challenge related to the initiation or conduct of his case by the United States Attorney's Office or Assistant United States Attorneys in the absence of a United States Attorney appointed by the President and confirmed by the Senate.

## GOVERNMENT'S ADDITIONAL AGREEMENT

27. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss Counts 1-2, 4-8, 10-13, 15-16, 18-20, 22, and 24-29 of the indictment.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

## VOLUNTARY PLEA

28. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

29. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. If the Defendant has pleaded guilty to any lesser-included offense(s), the Defendant's violation of this plea agreement will result in reinstatement of the greater offense(s). The Defendant waives any claim that the Defendant's guilty plea under the rejected agreement bars prosecution of any additional offenses on double-jeopardy grounds.

30. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

31. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

**SPECIAL ASSESSMENT**

32.	At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $600.00 in payment of the special penalty assessment described above.

**ENTIRETY OF AGREEMENT**

33.	This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 16th day of December, 2025.

TODD BLANCHE
Deputy Attorney General
RYAN ELLISON
Acting United States Attorney

Holland S. Kastrin
Assistant United States Attorney
201 Third Street, Suite 900
Albuquerque, New Mexico  87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Guy L. Womack
Attorney for the Defendant

15

      I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

                                                                         _____
                                                                       **Marc Long**
                                                                       Defendant